James Dale SMITH, personally and on behalf of all others similarly situated, Plaintiff-Appellant,

v.

CITY OF FORT LAUDERDALE, FLORIDA, Defendant-Appellee.

No. 98-4973.

United States Court of Appeals,

Eleventh Circuit.

June 2, 1999

Appeal from the United States District Court for the Southern District of Florida. (No. 93-6970-CV-NCR), Norman C. Roettger, Jr., Judge.

Before COX and HULL, Circuit Judges, and COHILL[*], Senior District Judge.

HULL, Circuit Judge:

A Plaintiff-Appellant class of homeless people appeals the district court's decision granting summary judgment for the City of Fort Lauderdale on the class's First Amendment challenge to a City regulation proscribing begging on a certain five-mile strip of beach and two attendant sidewalks. We hold the challenged restrictions on speech are narrowly tailored to serve the City's legitimate interests and thus affirm.

The controversy in this case began when the City of Fort Lauderdale enacted Rules and Park Regulations for City Parks and Beaches, intended "to provide citizens with a safe environment in which recreational opportunity can be maximized." Pursuant to this purpose, the City included in its regulations Rule 7.5, which prescribes regulations "to eliminate nuisance activity on the beach and provide patrons with a pleasant environment in which to recreate." Rule 7.5(c) states, "Soliciting, begging or panhandling is prohibited."[1]

Plaintiffs challenge Rule 7.5(c)'s application to a five-mile strip of beach, a new, one-and-a-half-mile promenade sidewalk between that beach and Highway A1A, and the commercial-area sidewalk on the

---

[*]Honorable Maurice B. Cohill, Senior U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

[1]It is undisputed that "soliciting," "begging," and "panhandling" are interchangeable terms. We use the term "begging" to encompass all three.

opposite side of Highway A1A-hereinafter collectively called the "Fort Lauderdale Beach area." The parties stipulate as follows:

> The Fort Lauderdale Beach area is an essential part of the Fort Lauderdale tourism experience. Tourism is one of Florida's most important economic industries, and Fort Lauderdale is the premiere tourist location of Broward County. The Beach area is Fort Lauderdale's number one tourist attraction. Approximately four million tourists, many of whom are from foreign countries, visit the Fort Lauderdale area, and most of them at one time or another visit the Fort Lauderdale Beach area. City attendance records reflect that almost three million people visit the beached annually (August, 1993-July, 1994 estimated figures).

> The improvement of the Beach area was a high priority in the City's plan to expand the economic base of the community by attracting new investment. Creating an attractive infrastructure was designed to encourage quality development in the Beach area.

As an initial matter, we note that Rule 7.5(c)'s limitations on begging in the Fort Lauderdale Beach area restrict speech in a public forum. Like other charitable solicitation, begging is speech entitled to First Amendment protection.[2] *See Loper v. New York City Police Dept.,* 999 F.2d 699, 704 (2d Cir.1993) (holding "begging is at least 'a form of speech' " because of the lack of material distinctions between begging and other forms of charitable solicitation); *see also Village of Schaumburg v. Citizens for a Better Environment,* 444 U.S. 620, 632, 100 S.Ct. 826, 63 L.Ed.2d 73 (1980) (holding charitable organizations' solicitations for contributions are protected speech).

Additionally, this Court's precedent conclusively establishes that the Fort Lauderdale Beach area covered by Rule 7.5(c)-consisting of beach and sidewalk spaces-is a public forum. *See One World Family Now v. City of Miami Beach,* No. 98-4091, --- F.3d ---- (11th Cir. May 20, 1999) (holding an oceanfront strip of public sidewalk in the historic Art Deco district of Miami Beach to be a "quintessential public forum"); *International Caucus of Labor Committees v. City of Montgomery,* 111 F.3d 1548, 1550 (11th Cir.1997) (confirming the longstanding principle that "[a] sidewalk, although specifically constructed for pedestrian

---

[2]The parties do not raise—and thus we do not address—the issue of whether begging is commercial speech entitled to a lower level of First Amendment protection.

traffic, also constitutes a public forum"); *Naturist Society, Inc., v. Fillyaw,* 958 F.2d 1515, 1521-23 (11th Cir.1992), (holding John D. MacArthur Beach State Park to be a public forum).

Nonetheless, Rule 7.5(c)'s restrictions on begging in the Fort Lauderdale Beach area[3] survive Plaintiffs' First Amendment challenge. Even in a public forum, the government may "enforce regulations of the time, place, and manner of expression which [1] are content-neutral, [2] are narrowly tailored to serve a significant government interest, and [3] leave open ample alternative channels of communication." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n,* 460 U.S. 37, 45, 103 S.Ct. 948, 74 L.Ed.2d 794 (1983); *see also One World Family Now,* --- F.3d at ----. Plaintiffs do not dispute that Rule 7.5(c) is content-neutral and leaves open ample alternative channels of communication. Plaintiffs also expressly concede that the City's interest in providing a safe, pleasant environment and eliminating nuisance activity on the beach is "a significant government interest." Plaintiffs argue only that Rule 7.5(c)'s begging restrictions are not narrowly tailored to serve that interest. We disagree.

Rule 7.5(c)'s restrictions on begging in the Fort Lauderdale Beach area are narrowly tailored to serve the City's interest in providing a safe, pleasant environment and eliminating nuisance activity on the beach. The City has made the discretionary determination that begging in this designated, limited beach area adversely impacts tourism. Without second-guessing that judgment, which lies well within the City's discretion, we cannot conclude that banning begging in this limited beach area burdens "substantially more speech than is necessary to further the government's legitimate interest." *One World Family Now,* --- F.3d at ---- (quoting *Ward v. Rock Against Racism,* 491 U.S. 781, 789, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989)). Rule 7.5(c)'s suppression of begging in the Fort Lauderdale Beach area is materially mitigated by the allowance of begging in streets, on sidewalks, and in many other public fora throughout the City. *Cf. Loper,* 999 F.2d at 701 (assessing a statute applicable to any "public place" in the state of New York).

---

[3]On appeal, Plaintiffs challenge Rule 7.5(c) only as applied to begging in the Fort Lauderdale Beach area.

Moreover, Rule 7.5(c)'s restrictions on begging in the Fort Lauderdale Beach area are not rendered unconstitutional by the possible availability of less-speech-restrictive alternatives. Plaintiffs assert that the City's interest might be served by proscribing only hostile or aggressive begging or by confining begging to specific parts of the beach. But Rule 7.5(c) need not be the "least restrictive or least intrusive means" of serving the City's interest in order to qualify as "narrowly tailored." *Ward,* 491 U.S. at 788-89, 109 S.Ct. 2746. "So long as the means chosen are not substantially broader than necessary to achieve the government's interests ... the regulation will not be invalid simply because a court concludes that the government's interest could be adequately served by some less-speech-restrictive alternative." *Id.* at 799, 109 S.Ct. 2746. Plaintiffs' proffered alternatives fall far short of demonstrating that Rule 7.5(c)'s prohibition of begging in this Fort Lauderdale Beach area is "substantially broader than necessary."

Thus, Rule 7.5(c)'s restrictions on begging in the Fort Lauderdale Beach area do not run afoul of the First Amendment, and the district court's grant of summary judgment for the City is AFFIRMED.